**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **ING BANK N.V.,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **ADMIRALTY** |
| | § | |
| **M/V LILLESAND** | § | |
| **(ex SPT CHAMPION)** | § | |
| **IMO No. 9336397,** | § | |
| **her engines, tackle, equipment,** | § | |
| **furniture, appurtenances,** | § | |
| **etc.,** *in rem* | § | |
| | § | |
| **Defendant** | § | |

**VERIFIED COMPLAINT**

NOW COMES, plaintiff, ING Bank N.V. ("ING") through undersigned counsel, and files this Verified Complaint against defendant, the M/V LILLESAND, formerly named the M/V SPT CHAMPION, IMO No. 9336397, her engines, tackle, equipment, furniture, appurtenances, etc. (the "LILLESAND"), *in rem*, for damages and maritime arrest, and upon information and belief, aver as follows:

**Jurisdiction and Venue**

1.

This is an admiralty and maritime claim within this Court's admiralty

jurisdiction pursuant to 28 U.S.C. § 1333, Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and Federal Rule of Civil Procedure 9(h).

2.

Venue is proper in this District in accordance with Rule C as the LILLESAND is or will be within the physical jurisdiction of this Court upon its call at or near Nederland, Texas, during the pendency of this action.

**Parties**

3.

At all material times, ING was and is a banking and financial services corporation or business entity organized and existing pursuant to the laws of The Netherlands, with a place of business being located in Amsterdam, The Netherlands.  As more fully set forth herein, ING is an assignee of certain accounts, assets and maritime liens of O.W. Bunker Malta Ltd. ("OW Bunker"), including the account receivable and corresponding maritime lien owed by the LILLESAND (ex SPT CHAMPION), and therefore prosecutes this admiralty claim as the holder of OW Bunker's maritime lien against the LILLESAND (ex SPT CHAMPION) as more fully set forth herein.

4.

At all material times, the LILLESAND was and is, upon information and

belief, a crude oil tanker, owned by Lillesand Shipping Co. Ltd. ("Lillesand Shipping").

5.

The former name of the LILLESAND was the M/V SPT CHAMPION, which was managed and / or operated by Bergshav Management AS ("Bergshav"), and chartered and / or operated by Polyar Shipping Co. Ltd. ("Polyar").

6.

ING is the coordinator, agent, and security agent under that certain US$ 700,000,000.00 Multicurrency Revolving Borrowing Base Facilities Agreement, dated December 19, 2013 (the "Credit Agreement"), and related guaranty, pledge, and security agreements, including that certain English Omnibus Security Agreement, dated December 13, 2013 (the "Security Agreement").

7.

OW Bunker is a borrower and guarantor of the obligations owing under the Credit Agreement and is in default of those obligations.

8.

OW Bunker is also a party to the Security Agreement, pursuant to which it absolutely assigned all of its rights, title and interests as of December 13, 2013, in certain assets, including customer accounts receivable for bunker deliveries, to ING.

9.

Based on this assignment, OW Bunker has assigned to ING all of its rights, title and interests, including its right to institute this action and enforce its maritime liens against the LILLESAND (ex SPT CHAMPION), in the amounts owed to OW Bunker for bunker deliveries made to the SPT CHAMPION, as more fully described *infra*. For clarity, OW Bunker and ING will collectively be referred to as "OW Bunker" throughout the remainder of this pleading, unless otherwise indicated.

**Unpaid Bunkers Sold and Delivered to the SPT CHAMPION**

10.

OW Bunker contracted to provide bunkers and related barging services to the SPT CHAMPION in Galveston, Texas, which bunkers were initially ordered by her charterer and / or operator, Polyar.  This contract to purchase bunkers is evidenced by a Sales Order Confirmation, No. 145-19766, dated October 29, 2014, a true and correct copy of which is attached as Exhibit A, hereafter the "Confirmation".

11.

The Confirmation, as well as the sale and delivery of the marine fuels to the SPT CHAMPION, were subject to the OW Bunker Group Terms and Conditions of sale for Marine Bunkers, Edition 2013, a true and correct copy of which is

attached as Exhibit B, hereafter "General Terms".   More specifically, the

Confirmation provided in relevant part, as follows:

> The sale and delivery of the marine fuels described above are
> subject to the OW Bunker Group's Terms and Conditions of sale(s)
> for Marine Bunkers.  The acceptance of the marine bunkers by the
> vessel named above shall be deemed to constitute acceptance of said
> general terms to you as 'Buyer' and to O.W. Bunker Malta Ltd. as
> 'Seller'.

> The fixed terms and conditions are well known to you and
> remain in your possession.  If this is not the case, the terms can be
> found   under   the   web   address:   http://owbunker.com/wp-
> content/uploads/2013/12/OWB_ValidFrom01092013.pdf

(Exh. A, Confirmation, p. 2.)

12.

Article B.1 of the General Terms defines the term "Buyer" to mean the

vessel supplied and, jointly and severally her master, owners, managers/operators,

disponent owners, time charters, bareboat charterers, and charterers.   (Ex. B,

General Terms, p. 2, art B.1.)  As discussed *infra*, on or about November 2, 2014,

the SPT CHAMPION accepted marine bunkers from OW Bunker, pursuant to the

Confirmation. Accordingly, the LILLESAND (ex SPT CHAMPION), her charterer

/ operator Polyar, her manager / operator Bergshav, and her registered owner

Lillesand Shipping, fall within the definition of Buyer and are, therefore, bound

and obligated jointly and severally to the Confirmation and to the General Terms,

which General Terms were incorporated in the Confirmation by express reference

5

and adoption.  See *One Beacon Ins. Co. v. Crowley Marine Servs., Inc.*, 648 F.3d 258, 269 (5th Cir. 2011).

13.

Article I.3(iv) of the General Terms provides as follows:

Where [the LILLESAND (ex SPT CHAMPION)] fails to pay timely, [OW Bunker] has the right to (without prejudice to its rights to receive default/delay compensation) take all appropriate steps to secure and enforce its claim…

(Exh. B, General Terms, p. 7, art. I.3).

14.

Article I.9 of the General Terms provides as follows:

Where Bunkers are supplied to [the LILLESAND (ex SPT CHAMPION)], in addition to any other security, the Agreement is entered into and the Goods are supplied upon the faith and credit of [the LILLESAND (ex SPT CHAMPION)]. It is agreed and acknowledged that the sale of Bunkers to [the LILLESAND (ex SPT CHAMPION)] and/or their acceptance on [the LILLESAND (ex SPT CHAMPION)] create a maritime lien over [the LILLESAND (ex SPT CHAMPION)] for the price of the Bunkers (and all interest and costs payable in respect thereof; including but not limited to the reasonable attorney's fees), such maritime lien afforded to [OW Bunker] over [the LILLESAND (ex SPT CHAMPION)]. In any event any applicable Law shall not prejudice the right of the maritime lien of [OW Bunker] afforded hereunder or by any other applicable Law, be it of the place of delivery, the flag of the Vessel, or the place of jurisdiction and/or arrest of the Vessel, or otherwise howsoever.

(Exh. B, General Terms, p. 8, art. I.9).

15.

Article P.5 of the General Terms provides as follows:

> The General Maritime Law of the United States shall always apply with respect to the existence of a maritime lien, regardless of the country in which [OW Bunker] takes legal action. [OW Bunker] shall be entitled to assert its rights of lien or attachment or other rights, whether in law, in equity or otherwise, in any jurisdiction where the Vessel may be found.

(Exh. B, General Terms, pp. 11-12, art. P.5).

16.

In filing this Verified Complaint, OW Bunker exercises its discretion to proceed against the LILLESAND (ex SPT CHAMPION) under the substantive laws of the General Maritime Law of the United States of America as well as the Commercial Instrument and Maritime Liens Act, 46 U.S.C. §§ 31303 *et seq.* and under the procedural laws of the Federal Rules of Civil Procedure, including the Supplemental Rules for Admiralty and Maritime Claims, as well as the Local Rules of the U.S. District Court for the Eastern District of Texas.

17.

On October 29, 2014, OW Bunker issued the Confirmation for the account of the Master and/or Owner and/or Charterers and/or MV SPT CHAMPION and/or Polyar Shipping Co. Ltd. and indicated that it would provide 300 metric tons of Fueloil 380 – CST 1% and 100 metric tons of Gasoil 0.1% to the SPT CHAMPION in Galveston, Texas, including associated barge service to transport and transfer the foregoing fuel bunkers to the vessel, with an estimated delivery date of November 1, 2014.  (Exh. A, Confirmation, p. 1.)

18.

On November 2, 2014, pursuant to the Confirmation and the General Terms, the SPT CHAMPION accepted the delivery of 300.267 metric tons of Fueloil 380 – CST 1% and 99.165 metric tons of Gasoil 0.1% marine bunkers from OW Bunker. The bunker delivery was made on behalf of OW Bunker as evidenced by the Bunker Delivery Receipt, a true and correct copy of which is attached as Exhibit C.

19.

OW Bunker has paid its suppliers in full for the bunkers delivered to the SPT CHAMPION in Galveston on November 2, 2014.

20.

On November 2, 2014, OW Bunker issued an invoice to the SPT CHAMPION and / or Owners / Charterers, which was addressed to Polyar, in the amount of US $261,427.75 for 300.267 metric tons of fuel oil and 99.165 metric tons of gasoil delivered to the SPT CHAMPION in Galveston, referencing Order No. 145-19766, to be paid on or before December 2, 2014, a true and correct copy of which is attached hereto as Exhibit D, hereafter "Invoice." As of this date, neither ING nor OW Bunker have been paid for the bunkers delivered to the SPT CHAMPION in breach of the Confirmation and General Terms, and plaintiff is accordingly owed US $261,427.75 for the bunkers, fees and charges as aforesaid.

21.

Pursuant to General Terms, Article I.5, OW Bunker is entitled to recover contractual interest of three (3%) percent per month on the foregoing unpaid invoiced amount until paid, and a delayed payment administrative fee of US$ 1.50 per metric ton of bunkers supplied.  (Exh. B, General Terms, p. 7, art. I.5.)

22.

Pursuant to General Terms, Article I.7, all costs borne by OW Bunker in connection with the collection of overdue payments, whether made in or out of court and in general all costs in connection with breach of the contract shall be for the breaching party's sole account.  (*Id*., art. I.7.).  Accordingly, OW Bunker is additionally entitled to recover for all attorney's fees and costs incurred by OW Bunker resulting from its efforts to collect payment on the Invoice, and pursuant to the General Terms, the LILLESAND (ex SPT CHAMPION), Lillesand Shipping, Bergshav, and Polyar remain jointly and severally liable for all amounts due and owing to OW Bunker.

23.

As of the date of this filing, ING is owed the following amounts for unpaid bunkers delivered to the LILLESAND (ex SPT CHAMPION):

  A.  Invoice              US$ 261,427.75

  B.  Accrued Interest         US$ 39,214.16

C.  Administrative Fees                                    US$ 599.15

D.  Accrued Attorney's Fees                          US$ 30,000.00

**TOTAL**                                                      **US$ 331,241.06**

### Request for Arrest of the LILLESAND
### Pursuant to Supplemental Admiralty Rule C

24.

Upon information and belief, the LILLESAND is or will be within this District during the pendency of this admiralty and maritime claim to recover for necessaries provided by OW Bunker to the LILLESAND (ex SPT CHAMPION).

25.

Pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, ING is entitled to arrest the LILLESAND to satisfy ING's claims, including but not limited to pre-judgment interest, costs, expenses, and attorneys' fees.

26.

ING agrees to release and hold harmless and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest of the aforesaid LILLESAND.

All and singular the foregoing premises are true and correct within the

admiralty jurisdiction of this Honorable Court.

**WHEREFORE**, plaintiff, ING Bank N.V., prays:

1.   That this Verified Complaint be deemed good and sufficient;

2.   That process in due form of law, according to the rules and practices of this Honorable Court, issue against the LILLESAND, her engines, tackle, apparel, furniture, equipment, and all other necessaries, *in rem*, by way of arrest pursuant to Supplemental Admiralty Rule C, and that all persons claiming interest in said vessel be required to appear and to answer under oath, all and singular the matters aforesaid;

3.   That after due proceedings are had, there be judgment entered in favor of plaintiff, ING Bank N.V., and against defendant, the LILLESAND, her engines, tackle, apparel, furniture, equipment, and all other necessaries, *in rem*, requiring defendant to pay damages to plaintiff in the amount of **US\$ 331,241.06**, for bunkers delivered to the LILLESAND, and all other damages as may be proven at trial, with prejudgment interest, attorney's fees, and all costs of these proceedings; and,

4.   For all general and equitable relief to which this Honorable Court is competent to grant and plaintiff is otherwise entitled.

Respectfully submitted:


/s/ Joseph R. Messa
**JOSEPH R. MESSA**
**Texas State Bar # 13970700**
**KING, KREBS & JURGENS, P.L.L.C.**
6363 Woodway, Suite 820
Houston, Texas  77057
Telephone:  (713) 334-5644
Facsimile:  (713) 334-5828
E-mail:  jmessa@kingkrebs.com

**and**

**JAMES D. BERCAW**
**LAURA E. AVERY**
**(Motion for admission *pro hac vice* to be filed)**
**KING, KREBS & JURGENS, P.L.L.C.**
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana  70170
Telephone:  (504) 582-3800
Facsimile:  (504) 582-1233
E-Mail:  jbercaw@kingkrebs.com
        lavery@kingkrebs.com

*Attorneys for ING Bank N.V.*


**PLEASE SERVE:**

**The Master of the M/V LILLESAND, IMO 9336397**
**And Issue a Warrant for the Arrest of the**
**M/V LILLESAND**